UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-20741

PAUL RODRIGUEZ,

    Plaintiff,

vs.

MEDX STAFFING, INC. and
NOMI HEALTH, INC.,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Paul Rodriguez, through his undersigned counsel and sue Defendants, Medx Staffing, Inc., for unpaid/underpaid overtime wages as follows:

### Parties, Jurisdiction, and Venue

1. **Plaintiff, Paul Rodriguez**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of the Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Medx Staffing, Inc. ("Medx")**, is a foreign for-profit corporation authorized to conduct its business in Florida and is *sui juris*. Defendant has conducted its medical staffing service business in multiple states, including in this District, at all times material.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

6. **Defendant, NoMi Health, Inc. ("Nomi")**, is a foreign for-profit corporation authorized to conduct its business in Florida and is *sui juris*. Nomi conducted its healthcare testing and treatment business in numerous locations, including in this District, at all times material.

7. Defendants were Plaintiff's employer(s), as the term "employer" is defined by 29 U.S.C. §203 (d).

8. Defendants, Medx and Nomi, would conduct or coordinate the training, schedules, pay, and established the policies and procedures applicable to Plaintiff.

9. Defendants, Medx and Nomi, jointly employed Plaintiff within the meaning of 29 C.F.R. §791.2, as they shared a common workforce with a common purpose and utilized a unified nucleus of control and are therefore jointly and severally liable for all overtime wages, liquidated damages, attorneys' fees, and costs awarded to Plaintiff.

10. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

11. This Court has original jurisdiction over Plaintiff's federal question claim under 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### FLSA Jurisdictional Allegations

12. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

13. Defendant, MedX, engaged in interstate commerce by providing staffing services in locations in different states, including in Florida, and paying personnel working in Florida and other states.

14. Defendant, Nomi, engaged in interstate commerce by providing medical testing and treatment services in different states, including in Florida, and paying personnel working in Florida and other states.

15. Furthermore, Defendants engaged in interstate commerce through their regular and routine submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, and/or the United States government.

16. Defendants utilized computers, telephones, phone systems, syringes, swabs, vaccines, testing kits, computers, computer networking equipment, software, vehicles, paper, printers and copier toner, and other materials and supplies to engage in interstate commerce.

17. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceed $125,000 for each fiscal quarter.

### Factual Allegations

18. Plaintiff worked for the Defendants from approximately January 1, 2021 to early May 2021, and then from late Summer 2021 to July 26, 2022.

19. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiff's work for Defendants was in, or so closely related to, the movement of commerce that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

21. Plaintiff worked for Defendants as a paramedic in various locations, including Miami and Orlando, Florida, and Denver, Colorado.

22. From January to May 2021, Plaintiff worked as a "Registration Lead" which required him to input patient data into the Nomi system.

23. Plaintiff then worked in observation for the remainder of his employment with Defendants, whereby he would observe Defendants' patients who received vaccines for adverse or other reactions.

24. Plaintiff utilized the tools, materials, and supplies provided to him by the Defendants at the locations, dates, and times designed by Defendants.

### Liability Allegations

25. Defendants assigned Plaintiff the work he was to perform, including where, when, and the hours he was to perform the work.

26. Plaintiff regularly and routinely worked more than 40 hours per week to perform services for and at the direction of Defendants.

27. Defendants required Plaintiff to log in and out of work through online time-tracking applications.

28. Defendants paid Plaintiff at his regular hourly rate of $37.00 for each hour worked.

29. All conditions precedent were satisfied by Plaintiff and/or waived by Defendants.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

4

## COUNT I – FLSA OVERTIME VIOLATION(S) AGAINST MEDX STAFFING, INC.

Plaintiff, Paul Rodriguez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

31. Defendant, Medx, failed and refused to pay Plaintiff an overtime rate of one and one-half times his regular hourly rate of pay for all the overtime hours he worked beyond 40 hours in a workweek in violation of the FLSA.

32. Defendant, Medx, engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay for overtime hours he worked during the past three years.

33. Defendant, Medx, has been sued previously for failing to pay its employees overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

34. Defendant, Medx, either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay violated the FLSA and then failed to correct its violation timely.

35. Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Paul Rodriguez, demands the entry of a judgment in his favor and against Defendant, Medx Staffing, Inc., after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

  b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

  c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

  d. That Plaintiff recover all interest allowed by law;

  e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA OVERTIME VIOLATION(S) AGAINST NOMI HEALTH, INC.

Plaintiff, Paul Rodriguez, reincorporates and re-alleges paragraphs 1 through 30 as though set forth fully herein and further alleges as follows:

36. Defendant, Nomi, failed and refused to pay Plaintiff an overtime rate of one and one-half times his regular hourly rate for all the overtime hours he worked beyond 40 hours in a workweek in violation of the FLSA.

37. Defendant, Nomi, engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay for the overtime hours he worked during the past three years.

38. Defendant, NoMi, has been sued previously for failing to pay its employees overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

39. Defendant, NoMi, either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay violated the FLSA and then failed to correct its violation timely.

40. Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Paul Rodriguez, demands the entry of a judgment in his favor and against Defendant, NoMi Health, Inc., after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## DEMAND FOR JURY TRIAL

Plaintiff, Paul Rodriguez, demands a trial by jury of all issues so triable.

Respectfully submitted this 24th day of February 2023,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*